# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHAWNNEQUE FOSTER,**                           **CASE NO.: 8:22-cv-02492**

    **Plaintiff,**

**v.**

**BLOOMINGDALE PREMIERE**
**CARE CENTER LLC., d/b/a**
**RIDGELAND GROUP HOME, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff was employed by Defendant from approximately December 16, 2021, until June 27, 2021, and brings this action for unpaid premium wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff is a was a resident of Hillsborough County, Florida at all times when the events giving rise to this action occurred.

3. Defendant owns and operates a group home facility in Hillsborough County, Florida.

4. Defendant employed Plaintiff in Hillsborough County, Florida.

5. Plaintiff was employed by Defendant as home health aide driver.

1

6. As a home health aide, Plaintiff performed routine general labor and assistant services including, loading the van, driving the van along highways and byways, and assisting clients with daily tasks such as eating and self-care. Plaintiff was provided with a list of client names that had scheduled pick up and drop off times. Plaintiff was tasked with picking up Defendant's clients from a list in order complete the daily transportation services the Defendant provided.

7. Defendant exclusively determined who Plaintiff was to pick up a client and when Plaintiff was to make the pickups of the client.

8. Defendant paid Plaintiff on an hourly basis. Defendant incorrectly recorded the number of hours worked by Plaintiff for Defendant each week on its time keeping system. Plaintiff's hourly rate was approximately $14.00 per hour and her overtime rate was approximately $21.00 per hour.

9. During Plaintiff's employment with Defendant, Plaintiff regularly and routinely worked more than 40 hours per week while performing services for Defendant as home health aide driver.

10. As a home health aide driver employee, Plaintiff should have been classified as "non-exempt" and was entitled to receive overtime wages when she worked more than 40 hours in a single workweek.

11. Plaintiff was not paid at least one-and-one-half times her regular rate for all overtime hours worked for Defendant.

12.     Plaintiff was not paid premium overtime wages for all of the hours she worked beyond 40 in a single workweek.

13.     Plaintiff was engaged by Defendant to work as home health aide driver employee during the three (3) years prior to the initiation of this lawsuit.

14.     Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek and did not allow Plaintiff to properly record all of her hours worked.

15.     Specifically, Defendant engaged in the illegal practice known as "misclassification" where Defendant strategically and intentionally misclassified Plaintiff as an exempt worker in order to avoid paying Plaintiff overtime wages.

16.     Plaintiff's job duties as home health aide driver do not rise to the level of any exemptions or exceptions recognized by the FLSA. Plaintiff did not create financial budgets. Plaintiff did not create corporate policy. Plaintiff did not determine the salaries of any employees. Plaintiff did not have the authority to enter into agreements on behalf of Defendant. Instead, Plaintiff remained in Defendant's office for hours on end cold calling individuals provided to Plaintiff by Defendant for purposes of trying to sell Defendant's product to the individuals.

17.     Defendant was aware that Plaintiff's actual job duties and responsibilities did not cause Plaintiff to be an exempt employee under the FLSA.

18. Plaintiff desired to be paid for all hours she spent working, including overtime hours.

19. Defendant engaged in the illegal practice of requiring Plaintiff to work more than 40 hours in a single workweek and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

20. Defendant refused, failed, and or neglected to pay Plaintiff overtime wages in an effort to save money at Plaintiff's expense.

21. Defendant engaged in the aforementioned illegal practices throughout the entirety of Plaintiff's employment. Defendant's illegal practices affected each week of Plaintiff' employment.

22. Plaintiff routinely worked more than 40 hours in a single workweek. However, many of Plaintiff' working hours were not properly recorded by Defendant.

23. Defendant failed to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single workweek.

24. As a result, Plaintiff often performed work beyond 40 hours in a single workweek for which she was not properly compensated.

25. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff overtime wages, even though Plaintiff habitually worked up to 50 hours per week or more.

26. Plaintiff was not always paid time and a half for all hours worked over forty (40) in any given week.

27. As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

28. Defendant was aware that Plaintiff worked more than 40 hours in a single work week but refused, failed, or neglected to compensate Plaintiff at the appropriate overtime rate.

29. Defendant did not compensate Plaintiff at a rate of at least one-and-one half times her regular rate in order to extract additional work from Plaintiff without compensating Plaintiff for the additional work.

30. Plaintiff seeks full compensation, including liquidated damages because Defendant's illegal conduct was a calculated attempt to extract additional work from Plaintiff to benefit Defendant.

31. Additionally, Plaintiff attempted to resolve this matter without the Court's intervention, however, Defendant was unwilling to pay Plaintiff the owed wages and Plaintiff was required to retain the undersigned counsel to prosecute this matter.

32. Defendant is a for-profit organization that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

33. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff was an individual covered under the FLSA as she performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the financial services industry as Defendant operates as "Bloomingdale Premiere Care Center LLC., d/b/a Ridgeland Group Home, Inc." Specifically, Plaintiff regularly and routinely called out of state contractors, entities, and individuals in the course and scope of her job.

34. Plaintiff routinely communicated with interstate clients, potential clients, vendors, persons, and entities, who were located in states outside of Florida. Plaintiff communicated with out-of-state individuals and entities via email, telephone, and U.S. mail. Plaintiff did so in the regular course and scope of her employment and at Defendant's direct behest.

35. Plaintiff routinely used products, tools, and materials that do not originate within the State of Florida.

36. Plaintiff routinely utilized equipment that originated out-of-state. Plaintiff utilized items that arrived from out-of-state at Defendant's behest and request.

37. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

38. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

39. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant, as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the medical care industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

40. Defendant advertises its services online, regularly orders goods and materials from out of state vendors, and communicates with employer and vendors located out of state.

41. At all material times relevant to this action, Plaintiff in her capacity as an employee, was individually covered by the FLSA. This would include to doing

hourly work home health aide driver without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiff did not implement legal compliance measures.

42. Plaintiff did not exercise independent judgment as to matters of significance during her employment with Defendant. Instead, Plaintiff made cold calls for the purpose of picking up patients and her picking up clients and driving them to their homes for hours on end during each day of her employment. Specifically, Defendant provided Plaintiff with a list of client names that had scheduled pick up and drop off times. Plaintiff was tasked with picking up Defendant's clients from a list in order complete the daily transportation services the Defendant provided.

43. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment. Plaintiff worked over 40 hours per nearly every week during her employment with Defendant. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor

out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and those similarly situated premium wages. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

44. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

### **COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION**

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-46, above.

46. Plaintiff was entitled to be paid the premium wages for those hours worked over forty (40) in a single work week.

47. During her employment with Defendant, Plaintiff regularly worked overtime hours each week in which she was not paid at the correct rate of pay.

9

48. In Plaintiff's case, she routinely performed labor, at Defendant's specific request for the sole benefit of Defendant and was not paid for the hours she worked.

49. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff her correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

50. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss premium wages, and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 2nd day of November, 2022

**/S/ Kyle J. Lee**

Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 west Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com